UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CURTISS-WRIGHT CORP., et al.,** | ) | CASE NO. 1:20CV2179 |
| | ) | |
| Plaintiffs, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| **TDY INDUSTRIES, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Second Amended Motion (ECF DKT #13) of Defendant TDY Industries, LLC to Dismiss. For the following reasons, the Motion is granted and the above-captioned case is dismissed without prejudice.

**I. FACTUAL BACKGROUND**

Plaintiffs Curtiss-Wright Corporation and Curtiss-Wright Flow Control Company, as affiliate and assignee, brought this lawsuit against Defendant TDY Industries, LLC for Breach of Contract and Declaratory Judgment on September 25, 2020.

On July 23, 1999, Curtiss-Wright entered into an Asset Purchase and Sale Agreement ("APA") with TDY to purchase two of its business units: one related to pressure relief valves

(the "Farris Engineering Business" or "Farris") and the other related to specialty hydraulic and pneumatic valves, air driven pumps, and gas boosters (the "Sprague Pumps Business" or "Sprague").  The purchase closed on or about August 27, 1999 (the "Closing Date").

Pursuant to Section 2.3 of the APA, Defendant agreed to "be responsible for, and pay, perform and discharge when due" Excluded Liabilities; that is, product liability claims relating to products manufactured by Defendant's former Farris and Sprague business units prior to the Closing Date.  (Complaint Exhibit, ECF DKT #1-4).

Pursuant to Section 10 of the APA, each party agreed to indemnify the other for "any claims, losses, expenses, costs, damages, fines, penalties and other liabilities including, without limitation, reasonable attorneys' fees and expenses" related to any respective breaches.  (*Id.*)

Further, Section 10.7 of the APA conspicuously recites:  "FOR THE AVOIDANCE OF DOUBT, NOTHING CONTAINED IN THIS AGREEMENT SHALL AT ANYTIME RESTRICT THE PURCHASER'S RIGHTS OR REMEDIES AT LAW OR IN EQUITY AGAINST THE SELLER ARISING OUT OF THE SELLER'S FAILURE TO SATISFY THE EXCLUDED LIABILITIES."  (*Id*.)

Plaintiffs allege that shortly after the Closing, individuals began to assert product liability claims against Curtiss-Wright based upon alleged exposure to asbestos while working with or around Farris and Sprague products.  (Complaint, ECF DKT #1 at ¶ 21).  Defendant accepted the defense of these early claims.  (*Id*. at ¶ 22).

Defendant allegedly refused to defend or pay any costs associated with product liability claims raised after 2002.  Defendant contended that its obligation to pay Excluded

Liabilities automatically terminated on the third anniversary of the Closing Date, specifically August 27, 2002. (*Id*. at ¶ 23).

Plaintiffs dispute Defendant's position on the Excluded Liabilities. Therefore, Plaintiffs "continued to tender additional lawsuits to TDY, and demanded that TDY assume the cost of defending and resolving the Product Liability Claims in accordance with Section 2.3 of the APA." (*Id*. at ¶ 25).

Further: "It has remained Curtiss-Wright's standard practice to send [Defendant] notice for each additional Product Liability Claim involving Excluded Liabilities it has received from 2003 to the present." (*Id*. at ¶ 28).

Plaintiffs allege that Defendant has breached the APA and is liable for damages, including defense costs, attorney fees and Plaintiffs' loss of the benefit of the bargain. Plaintiffs also allege that Declaratory Judgment Relief is appropriate because an actual, justiciable controversy exists between the parties under the APA relating to past, present and future product liability claims.

In the Motion to Dismiss (ECF DKT #13), Defendant argues that Plaintiffs failed to allege compliance with a mandatory condition precedent to suit and recovery under the APA. The terms of the condition precedent are found in Section 10.5:

> Neither the Purchaser nor the Sellers will file or otherwise commence any other action, suit or proceeding against the other in respect of this Agreement or the transactions contemplated hereby unless (a) such party notifies the other of its intent to do so and (b) a period commencing with such notice and expiring on the earlier of the date on which a meeting between officers of the Purchaser and the Sellers has been completed and 30 days after the date of such notice. Such officers will meet at a mutually convenient time and location during such 30-day period for the purpose of attempting to resolve in good faith the claims described in such notice.

Defendant emphasizes that Plaintiffs, by their own reckoning, have had numerous opportunities since 2002 to notify Defendant of their intent to sue and to schedule a meeting to discuss an out-of-court resolution. Plaintiffs' failure to even allege satisfaction of the bargained-for condition precedent, in Defendant's view, dooms Plaintiffs' claims for Breach of Contract and Declaratory Judgment Relief.

Plaintiffs respond that Defendant's reliance on the condition precedent is precluded by the commitment in the APA Section 10.7 that nothing would "at any time restrict the Purchaser's [Curtiss-Wright] rights or remedies at law or in equity against the Seller [TDY]." Moreover, Plaintiffs contend that they are legally excused from complying with Section 10.5 because it would be a futile act.

Plaintiffs attach to their Memorandum in Opposition (ECF DKT #17) a declaration of counsel authenticating a series of letters exchanged between the parties in the five days preceding the instant lawsuit. Plaintiffs' letters advise Defendant of their intent to file a lawsuit and ask for a tolling agreement as to particular claims.

Defendant replies (ECF DKT #18) that the Court should harmonize the provisions of the parties' contract so that no term is rendered meaningless. Defendant disputes that Plaintiffs' fulfillment of the condition precedent would have been futile. Also, Defendant asks the Court to disregard the outside materials presented by Plaintiff.

## II. LAW AND ANALYSIS

**Standard of Review - Fed.R.Civ.P. 12(b)(6)**

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in

favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679.

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

As authorized by Fed.R.Civ.P. 12(d), the Court may exclude from its consideration any matters presented outside the pleadings. In reaching its conclusions here, the Court has disregarded the exhibits attached to Plaintiffs' Memorandum in Opposition (ECF DKT #17-1,

#17-2, #17-3, #17-4).

**Breach of Contract**

To establish breach of contract in Ohio, "a plaintiff must demonstrate by a preponderance of the evidence that (1) a contract existed, (2) the plaintiff fulfilled his obligations, (3) the defendant failed to fulfill his obligations, and (4) damages resulted from this failure." *Anzalaco v. Graber,* 970 N.E.2d 1143, 1148 (Ohio Ct.App. 2012).

**Contract interpretation**

The APA provides in relevant part:

Section 12.15 - GOVERNING LAW.

WITH RESPECT TO THE SELLERS AND THE PURCHASER, ALL QUESTIONS CONCERNING THE CONSTRUCTION, VALIDITY AND INTERPRETATION OF THIS AGREEMENT AND THE EXHIBITS AND SCHEDULES HERETO WILL BE GOVERNED BY THE INTERNAL LAW, AND NOT THE LAW OF CONFLICTS, OF THE STATE OF OHIO. (Capitalization in original).

Therefore, the district court must look for guidance to the decisions of the Ohio Supreme Court. *Kepley v. Lanz*, 715 F.3d 969, 972 (6th Cir. 2013). If the Ohio Supreme Court has not spoken on an issue, then the district court turns to the decisions of its lower courts, to the extent they are persuasive, to predict how the Ohio Supreme Court would decide the issue. *Id.; Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985).

The cardinal purpose for judicial examination of any written instrument is to ascertain and give effect to the intent of the parties. *Aultman Hosp. Assn. v. Community Mut. Ins. Co.*, 46 Ohio St.3d 51, 53 (1989). "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130 (1987), paragraph one of the syllabus.

"[W]ords and phrases are to be given their plain and ordinary meaning unless manifest absurdity results or unless some other meaning is clearly intended from the face or overall contents of the contract." *Williams-Diggins v. Permanent General Assurance Corporation of Ohio*, No. 108846, 2020 WL 4516931, *2 (Ohio Ct. App., 8th Dist. Aug.6, 2020) (citing *Beverage Holdings, LLC v. 5701 Lombardo, LLC*, 159 Ohio St.3d 194, 197 (2019)).

A court should read and consider the contractual provisions as a whole and not in isolation. *Foster Wheeler Enviresponse v. Franklin Cty. Convention Facilities Auth.*, 78 Ohio St.3d 353, 361 (1997). "Courts should not interpret contracts in a way that renders at least one clause superfluous or meaningless." *Transtar Elec. Inc. v. A.E.M. Elec. Servs. Corp.*, 140 Ohio St.3d 193, 2014-Ohio-3095, ¶ 26 (2014).

**Fed.R.Civ.P. 9 - Pleading Special Matters**

Rule 9 states in pertinent part:

(c) CONDITIONS PRECEDENT. In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity.

**Plaintiffs' Complaint**

To repeat: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed.R.Civ.P. 9; *Salazar v. Progressive Northern Insurance Company*, Case No. 1:13CV2653, 2014 WL 12596528, *3 (N.D.Ohio Sept. 30, 2014). However, the Court is unable to reasonably infer from the allegations of Plaintiffs' Complaint that Plaintiffs complied with Section 10.5 of the APA.

Upon a fair reading of the Complaint, Plaintiffs did not provide notice of the intent to sue Defendant at anytime prior to September 2020, when this case was instituted.

Nor can the Court reasonably infer from the Complaint's allegations that attempting to comply with Section 10.5 of the APA would have been futile. Defendant performed under the parties' agreement for the three years following the Closing Date, after which Defendant believed its obligations with regard to Excluded Liabilities expired. Plaintiffs allege that, since 2002, they continuously provided Defendant with notifications of product liability claims. Yet, Plaintiffs never allege, nor can the Court infer that Defendant was notified of Plaintiffs' intent to sue or that Defendant refused to take part in any pre-litigation meeting of officers triggered by a notice of intent to sue.

Thus, Plaintiffs have not demonstrated a necessary element of their Breach of Contract Claim — that they fulfilled their contractual obligations.

Plaintiffs contend that pursuant to Section 10.7, Section 10.5 improperly restricts their rights and remedies against Defendant Seller. This argument is unsound. First, the condition precedent in Section 10.5 does not impede Plaintiffs' ability to file a lawsuit for breach. That option remains open should good faith negotiations fail. In fact, Plaintiffs' failure to comply with Section 10.5 can legitimately be said to have impeded Defendant's opportunity to cure.

Second, the parties could have negotiated the use of limiting language in Section 10.5 of the APA, excluding product liability claims from its broad purview. In other instances in the APA, the parties chose to use terms such as: "[e]xcept as otherwise provided herein" or "[s]ubject to Section 10.7[.]" The Court must assume that Plaintiffs and Defendant intended for Section 10.5 and Section 10.7 to stand independently.

Third, the Court is required under Ohio law to harmonize the contract provisions so that no clause or term is rendered meaningless. The Court is not permitted to re-write the parties' contract. "It is not the responsibility or function of this court to rewrite the parties' contract in order to provide for a more equitable result." *Foster Wheeler Enviresponse*, 78 Ohio St. 3d at 362 The Court must consider the contract as a whole and not read any provision in isolation. *Id.* at 361. The Court's contract interpretation must not result in an absurdity. *Beverage Holdings, LLC,* 159 Ohio St.3d at 197. The Court is prohibited from rendering a contract provision superfluous or meaningless. *Transtar Elec., supra* at ¶ 26.

Plaintiffs suggest, in the alternative, that the Court may "stay the case to allow the parties 30 days to meet and confer to discuss resolution of Curtiss-Wright's claims based on TDY's continuing refusal and failure to satisfy Excluded Liabilities." (ECF DKT #17 at 9). The Court cannot agree. Plaintiffs' suggestion does not honor the parties' own agreement to attempt good-faith resolution efforts without the threat of litigation. It would be inappropriate for the Court to ignore the plain language of the APA and to substitute a judicial solution for the parties' own negotiated pre-litigation dispute resolution process.

Plaintiffs have not complied, nor alleged compliance with the clear, unambiguous condition precedent in Section 10.5 of the APA. "The appropriate remedy for a plaintiff's failure to allege compliance with conditions precedent is dismissal without prejudice." *Salazar*, Case No. 1:13CV2653, 2014 WL 12596528, *4; *see also, Redfield v. Cont'l Cas. Corp.*, 818 F.2d 596, 610 (7th Cir. 1987).

### III. CONCLUSION

For these reasons, the Second Amended Motion (ECF DKT #13) of Defendant TDY

Industries, LLC to Dismiss Plaintiffs' Breach of Contract and Declaratory Judgment Claims is granted. The above-captioned Complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

**DATE: May 13, 2021**

                                   s/Christopher A. Boyko
                                   **CHRISTOPHER A. BOYKO**
                                   **Senior United States District Judge**